JUDGE PETERS
delivered the opinion op the court.
After appellant, Rany Ann Mitchell, bad joined with Archer Mitchell, her husband, in a conveyance of the land to Harroldson, and the death of the latter, they *660 brought a suit in equity against the heirs of Harroldson and his personal representatives, of whom Barrett was one, and obtained a judgment for a conveyance, and a conveyance of the land was made by a commissioner to Archer Mitchell, in trust, for the sole use and benefit of Rany Ann Mitchell, with a covenant of general warranty. Barrett and his co-administrator brought an action in equity on the notes executed by the Mitchells to their intestate for the land, to subject it again to the payme'ht of said notes, although in the last-named deed by the commissioner no lien is reserved for the purchase-money.
The petition in this last ease was taken for confessed, the land sold, and Barrett and Williams became the purchasers. When this was done it is not denied that Barrett was the trustee of Rany Ann Mitchell, and had in his hands of her trust funds very nearly enough to pay for. the land.
It is alleged that this suit was brought and conducted by Barrett, and that it was agreed by him and appellants that the money in his hands as trustee for Rany Ann Mitchell should be applied to the payment of the Harroldson debt; he would buy the land, and have a conveyance made to secure the title to said Rany Ann Mitchell; and that, relying upon the-promises and agreements of Barrett, they made no defense to the action. These allegations are not denied, and must be taken as true.
At the date of these proceedings Rany Ann Mitchell was a married woman, but her condition as such does not appear in the record and proceedings of ITarroldson’s representatives against her — an action in which she could have made a successful defense, and it may be assumed, would have done so if she had not been lulled to a feeling of security by the promises of Barrett to apply her means to the payment of the debt. The relation which he then *661 bore to Rany Ann Mitchell forbid his purchasing the land for his own benefit, but his purchase resulted to the use of his cestui que trust. He can not become purchaser of the trust estate with trust funds in his hands and convert it to his use.
But it appears from the answer and exhibits filed that appellants are prosecuting a motion against Barrett to coerce the trust money out of his hands, and that presents the most serious difficulty in the ease. But if the money has been paid over, or whether or not, Rany Ann Mitchell should be made to elect whether she will take the money or keep the land; and if she elects to keep the land, the case should be referred to the master to ascertain, after exhausting the amount of her funds in Barrett’s hands at the time the land was purchased by him, how much remained of his intestate’s debt unpaid, and a lien should be retained on the land for its payment; and, if not paid, so much of the land should be sold as may be required to pay the same.
Wherefore the judgment dismissing appellant’s petition is reversed, and the cause remanded for further proceedings consistent herewith.